```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MAUREEN NELSON, JOHANNA NELSON,
and TAMARA NELSON,

                Plaintiffs,
                                          MEMORANDUM AND ORDER
        -against-
                                          21-CV-2601 (KAM)(LB)
DAVID FRIEDMAN, Fairstead
Management; JOEL GOLDSTEIN,
Galil Management; and NATE
WEINBERG, Plaza Apartments LLC
(Landlord),

                Defendants.
----------------------------------x
```

KIYO A. MATSUMOTO, United States District Judge:

Plaintiffs Maureen Nelson, Johanna Nelson, and Tamara Nelson, proceeding *pro se,* commenced this action on May 6, 2021. (*See* ECF No. 1, Complaint ("Compl").) Plaintiffs' requests to proceed *in forma pauperis* are granted for the limited purpose of this Order. (*See* ECF Nos. 2, 3, 4.) For the reasons set forth below, plaintiffs' complaint is dismissed without prejudice in its entirety.

## BACKGROUND

Plaintiffs' complaint is filed on a form complaint for civil actions. (*See* Compl. at 1.)[1] In the space to assert a

---

[1] As the complaint includes unlabeled addenda, the Court refers to the pages assigned by the Electronic Case Filing system ("ECF").

basis for federal jurisdiction, plaintiffs check the box for federal question and state: "Landlord liability (negligence), harassment, invasion of privacy, life endangerment, discrimination, defamation of character, damaged property." (*Id.* at 5.)  Plaintiffs allege that they suffer from a series of health problems, including chronic sinusitis, insulin resistance, diabetes, recurring infections, unintentional weight loss, hair loss, and asthma.  (*Id.* at 6, 7.)  Plaintiffs attribute these problems to mold in their apartment located at 212 Crown Street, Brooklyn, New York.  (*Id.*)  Plaintiffs claim that "the defendants have done nothing to help us."  (*Id.* at 6.) Plaintiffs attach medical records and communications with the building management about the conditions in the apartment, including documentation about efforts to identify and remediate airborne mold.  (*Id.* at 16-99.)  The complaint seeks $45,000,000 in damages to purchase two homes and new furniture and electronics.  (*Id.* at 8.)

On January 3, 2018, plaintiffs filed a prior similar lawsuit against Galil Management, Plaza Apartments LLC, and GFB Management, alleging that these defendants were negligent in failing to remediate mold conditions in plaintiffs' apartment located at 212 Crown Street.  *See Nelson et al v. Galil*

*Management et al.*, No. 18-cv-144 (E.D.N.Y. 2018). On August 21, 2018, the court dismissed that action for lack of federal subject matter jurisdiction. *See Nelson v. Galil Mgmt.*, No. 18-cv-144 (KAM)(LB), 2018 WL 3998962 (E.D.N.Y. Aug. 21, 2018). On December 11, 2020, plaintiffs moved for reconsideration to reopen the case. (*See* Case No. 18-cv-144, ECF No. 13.) The court denied plaintiffs' motion for reconsideration as untimely under the Local Civil Rule 6.3. (*See* Case No. 18-cv-144, Dkt. Order 4/1/2021.)

## DISCUSSION

In reviewing the complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Nonetheless, a district court must dismiss a case if

the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, plaintiffs seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.

Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. To invoke federal question jurisdiction, the claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In this case, plaintiffs have failed to establish any basis for the court's subject matter jurisdiction over the action. Specifically, plaintiffs' allegations about the habitability of the apartment may suggest state law claims for negligence or violations of state or city housing laws, but they do not raise a federal question. (*See* Compl. at 5.)

Furthermore, plaintiffs' allegations of harassment and discrimination are not supported by any specific factual allegations. Without more, these vague allegations do not suggest any form of discrimination in housing that would be covered by the Fair Housing Act or any other federal statute.

Furthermore, plaintiffs have not alleged that the citizenship of the parties is diverse as necessary to invoke diversity jurisdiction over potential state law claims. For these reasons, because plaintiffs neither raise a question of federal law nor assert diversity jurisdiction, the court has no basis to exercise federal subject matter jurisdiction over this action.

Because plaintiffs are proceeding *pro se*, the court has considered whether to grant leave to amend the complaint. The court, however, finds that amendment would be futile. Plaintiffs previously filed a very similar action in this court alleging the same state law claims against their landlord and management company. (*See* Case No. 18-cv-144.) At that time, plaintiffs were given an opportunity to amend the complaint, and plaintiffs Tamara Nelson and Johanna Nelson filed a second complaint. (*See* Case No. 18-cv-144, ECF No. 5.) Plaintiffs' second complaint, however, also failed to assert a basis for the

court's subject matter jurisdiction.  (*See* Case No. 18-cv-144, ECF No. 11, Memorandum and Order.)  In sum, plaintiffs' claims are fundamentally state law claims and cannot be addressed in federal court without a proper basis for federal jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiffs' complaint fails to establish a basis for federal subject matter jurisdiction and this action is hereby dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this Memorandum and Order and the judgment to plaintiffs and note service on the docket, enter judgment in favor of defendants, dismiss this action, and close this case.

SO ORDERED.

                                                          /s/
                                        KIYO A. MATSUMOTO
                                      United States District Judge
                                      Eastern District of New York

Dated:    Brooklyn, New York
          June 17, 2021